IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB D. TEDRICK, # S-05770, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-1031-JPG |
| | ) |
| FAYETTE COUNTY JAIL, | ) |
| TYLER BUTTS, | ) |
| JON TORBECK, | ) |
| and BRYAN GLIDDEN, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the Fayette County Jail ("the Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His Complaint was received and filed by the Clerk on September 25, 2017. (Doc. 1). On October 2, 2017, the Clerk received a 5-page document from Plaintiff, on which he wrote "To construd [sic] as an Amended Complaint." This proposed amendment has not been filed as part of the record pending the Court's review. Instead, the Clerk recorded the submission by docketing a motion to amend complaint. (Doc. 6). For the reasons to follow, the motion to amend shall be denied.

The 5-page proposed amended complaint contains factual allegations regarding events at the Jail on August 24 and 28, 2017. It appears that with this document, Plaintiff intended to present further details and descriptions to supplement the claims he made in the original Complaint. The 5-page proposed amendment is signed by Plaintiff, but does not contain a case caption listing the case number and parties, and is not dated.

Although Federal Rule of Civil Procedure 15(a)(1)(A) permits a party to amend its

1

pleading once as a matter of course within 21 days after serving[1] it, Plaintiff has not filed a proper amended complaint. A litigant may not amend a complaint in a piecemeal fashion (often referred to as amendment by interlineation), as Plaintiff has attempted to do here. Consistent with Federal Rule of Civil Procedure 8(a), amendment by interlineation is not permitted. Instead, all claims against all defendants must be set forth in a single document. Furthermore, an amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). It does not appear that Plaintiff intended for his proposed amendment to completely replace his original pleading.

Additionally, the proposed amendment is insufficient to stand on its own as an amended complaint. Rule 10(a) of the Federal Rules of Civil Procedure directs that every pleading must have a caption containing the court's name, a title naming the parties, the file number, and a designation (for example, "Complaint" or "First Amended Complaint"). Plaintiff's proposed amendment lacks this information, and thus would be subject to dismissal if it were filed as an amended complaint.

For these reasons, the proposed amended complaint, construed as a motion for leave to amend (Doc. 6), shall be denied. The denial of leave to amend shall be without prejudice, however, and Plaintiff shall be allowed an opportunity to submit a proper and complete amended complaint in accordance with the instructions below.

**Disposition**

**IT IS THEREFORE ORDERED** that the motion to amend complaint (Doc. 6) is **DENIED** without prejudice.

---

[1] In this instance, Plaintiff's Complaint has not yet been served on any Defendant, because it is still awaiting the required preliminary merits review by the Court under 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that, if Plaintiff wishes to include his proposed supplemental material into his operative complaint, Plaintiff shall do so by preparing a First Amended Complaint that includes all factual allegations and statements of his claims in a single document. The proposed amended pleading must include a case caption, must be signed by Plaintiff, and must comply with Rule 8's requirement to present "a short and plain statement of the claim" with allegations that are "simple, concise, and direct."

The First Amended Complaint, if Plaintiff chooses to file one, **SHALL BE FILED** within 28 days of the entry of this order (**on or before November 6, 2017**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 17-cv-1031-JPG. The amended complaint shall present each claim in a separate count. In each count, Plaintiff shall specify, *by name*,[2] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must

---

[2] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff does not file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the Court shall proceed to review the original Complaint (Doc. 1), *without* the proposed supplementary material.  Plaintiff is warned that he may incur a "strike" within the meaning of § 1915(g) if his complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.  No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the operative Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 6, 2017**

> *s/J. Phil Gilbert*
> United States District Judge