IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB D. TEDRICK, # S-05770, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-1031-JPG |
| ) | |
| FAYETTE COUNTY JAIL, ) | |
| TYLER BUTTS, ) | |
| JON TORBECK, ) | |
| and BRYAN GLIDDEN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Fayette County Jail ("the Jail").[1] He claims that Defendants failed to protect him from exposure to another inmate's blood, and caused him to ingest drain cleaner that was placed in his cup.

On October 6, 2017, after Plaintiff attempted to amend his Complaint in a piecemeal fashion, the Court ordered him to submit a proper amended complaint if he wanted his additional allegations to be considered. (Doc. 8). Plaintiff was given a deadline of November 6, 2017, to submit his proposed amended pleading. That deadline has come and gone, and Plaintiff has not tendered an amended complaint. Therefore, the Court shall proceed to conduct the required preliminary review under 28 U.S.C. § 1915A on the original Complaint. The additional material Plaintiff submitted on October 2, 2017, did not constitute a proper amended complaint and shall

---

[1] On October 30, 2017, the Court received an envelope from Plaintiff bearing the return address of 12078 Illinois Route 185, Hillsboro, IL 62049 (Doc. 10, p. 3). This is the address of Graham Correctional Center. However, Plaintiff has not submitted a notice of his updated address to the Clerk of Court.

1

not be considered. (*See* Doc. 8).

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

**<u>The Complaint</u>**

Plaintiff names the Fayette County Jail, Officer Tyler Butts, Officer Jan Torbeck, and Jail Administrator Bryan Glidden as Defendants in this action. (Doc. 1, pp. 1-2). The factual summary below is gleaned from Plaintiff's 2-page statement of claim, as well as from a number of grievance forms he included as exhibits to the Complaint.

In his statement of claim, Plaintiff writes that on August 24, 2017, he and 2 fellow inmates were "forced to clean up Hep-C blood" after another inmate (Abshner) suffered a seizure and cut his face. (Doc. 1, pp. 5-6, 11). Plaintiff states that "Inmate blood [was] everywhere Hep-C exposed everywhere in cell." (Doc. 1, p. 5). The officers on duty refused to clean up the blood. (Doc. 1, pp. 5, 11). Officers would not give the inmates any gloves or masks to safeguard them from infectious diseases. Officer Butts claimed that he was never trained on safety procedures for cleaning up blood. (Doc. 1, p. 5). Because the officers would not move Plaintiff or the other inmates from the contaminated cell, and refused to clean up the blood, Plaintiff and his cellmates were forced to clean up the blood themselves without any protective gear. (Doc. 1, pp. 5,

Plaintiff informed the Jail Administrator (presumably Glidden) of the incident. He provided Plaintiff with testing for Hepatitis-C and HIV, and informed Plaintiff that he would have to take another set of tests a month later. (Doc. 1, p. 11).

On August 28, 2017, while Plaintiff was out of his cell for an attorney visit, an unnamed officer "poured liquid fire drain cleaner in a cup" for another inmate to use in the sink in their cell. (Doc. 1, pp. 10-11). The officer used Plaintiff's cup for the drain cleaner. Plaintiff later

took a drink out of the cup, and severely burned his lips and tongue. He was taken to the emergency room to be treated. Plaintiff claims that Butts "brought the toxic chemical to C-block" where Plaintiff was housed, but then did not "oversee the operation at hand." (Doc. 1, p. 10). Plaintiff asks, "Why did inmates get access to the fatal acid that caused chemical burn[s] to [his] mouth and nose[?]" *Id*. In a response to Plaintiff's grievance over the matter, Glidden noted, "Officer Butts observed the chemicals going down the drain. The matter is still being looked into." (Doc. 1-1, p. 1).

Plaintiff seeks compensation for the officers' actions that put his life in danger, by refusing to give Plaintiff gloves for the blood cleanup, and for his chemical burn injuries. (Doc. 1, p. 12). He also wants jail officers to be trained on procedures to handle a blood spill. *Id.*

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Fourteenth Amendment deliberate indifference claim against Defendants for exposing Plaintiff to another inmate's blood and thus to serious infectious diseases including Hepatitis-C;
>
> **Count 2:** Fourteenth Amendment deliberate indifference claim against Butts for allowing toxic drain cleaner to remain in Plaintiff's drinking cup, where Plaintiff ingested it and suffered burns.

Counts 1 and 2 shall proceed for further consideration against Butts. The other Defendants shall be dismissed from the action.

As a preliminary matter, the Fayette County Jail shall be dismissed as a Defendant in this action. A jail is not a "person" under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). It is not a legal entity in the first place and is therefore not amenable to suit. But even if the proper legal entity had been named in the Complaint, the case law under § 1983 imposes additional hurdles to actions against governmental agencies that Plaintiff has not cleared. *See, e.g.*, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (to hold a municipality liable for a civil rights violation, a plaintiff must allege that the constitutional deprivation was the result of an official policy, custom, or practice of the municipality). Accordingly, the Fayette County Jail shall be dismissed with prejudice from this case.

### Count 1 – Exposure to Infectious Disease

It is apparent that at the time his claims arose, Plaintiff was confined at the Fayette County Jail as a pretrial detainee. Since this action was filed, he has been transferred to the custody of the Illinois Department of Corrections. (Doc. 10, p. 3).

The Due Process Clause of the Fourteenth Amendment governs claims for unconstitutional conditions of confinement brought by pretrial detainees. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for convicted prisoners. *Id*. As the Seventh Circuit explained:

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to

a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind.

*Smith*, 803 F.3d at 309.

The Seventh Circuit has historically applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *See Smith*, 803 F.3d at 309-10; *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008). Under the Eighth Amendment, two elements are required to establish a constitutional violation for conditions of confinement in prison. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. To satisfy this element, a plaintiff must show that "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, __U.S.__, 135 S. Ct. 2466, 2472 (2015)).

In Plaintiff's case, he describes an incident where a cellmate, who was apparently infected with Hepatitis-C, suffered a cut during a seizure and bled profusely in the cell where Plaintiff was housed. The officers on duty refused to clean up the blood themselves and refused to move Plaintiff to an uncontaminated location. Plaintiff had no choice but to clean up the blood himself, but officers gave him no gloves or other protective gear to help him avoid direct contact with the blood.

An allegation that a prison official knowingly exposed an inmate to an infectious disease that might cause him future harm states a claim for deliberate indifference to a serious medical

6

need.  *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997)).  *See also Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, conditions of confinement may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).  Hepatitis-C is a serious illness, and exposure to it poses an objectively serious risk of harm.  Further, Plaintiff alleges here that the Defendant Officers acted knowingly in failing to mitigate the blood contamination that created an excessive risk to his health.

Based on these factual allegations, Plaintiff has stated a claim against the officers who were on duty at the time the incident occurred, and failed to provide Plaintiff with equipment to protect him from contact with the blood or to otherwise mitigate the risk to his health.  Unfortunately, Plaintiff's statement of claim never refers to any person by name, but merely states that "Officers on duty" failed to take action to prevent Plaintiff's exposure to the blood.  (Doc. 1, p. 11).  However, Plaintiff states on one of his grievance forms that he spoke to Butts about the situation, and Butts responded by telling Plaintiff that he was never trained on safety procedures to use when cleaning up blood.  (Doc. 1, p. 5).  This statement indicates that Butts was present during the incident yet failed to take remedial action.  Accordingly, Plaintiff may proceed against Butts with his deliberate indifference claim in Count 1.

While Plaintiff lists Torbeck as a Defendant, and describes him as an officer at the jail, he never mentions Torbeck by name in the statement of claim or in any of the incorporated exhibits.  Plaintiffs are required to associate specific defendants with specific claims, and describe what the defendant did or failed to do, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in

7

his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  For this reason, Torbeck will be dismissed from this action without prejudice.

Similarly, Plaintiff does not mention Glidden by name in the statement of claim.  On the page where Plaintiff lists Glidden as a Defendant, he indicates he is suing him "for not having a training procedure for blood spills and chemical safety around inmates." (Doc. 1, p. 2).  Later in the document, Plaintiff states that he informed the Jail Administrator about the blood exposure, and the Jail Administrator told Plaintiff he would get blood tests on August 25, 2017.  (Doc. 1, p. 5).  Plaintiff was given tests for Hepatitis-C and HIV.  (Doc. 1, pp. 5, 11).  Assuming that the "Jail Administrator" was in fact Glidden, Plaintiff's description and the date he includes indicate that he communicated with Glidden only after the incident.  Nothing in the Complaint suggests that Glidden was one of the people who Plaintiff asked for help at the time the blood needed to be cleaned up.  If Glidden had no knowledge of the problem at the time Plaintiff was at risk of exposure to disease, Glidden was not in a position to protect Plaintiff from the threat, and he cannot be found to be deliberately indifferent.

The fact that Glidden was made aware of the blood exposure problem after it occurred and took steps to prevent future risks does not provide grounds to hold him liable for the conditions that placed Plaintiff's health at risk.  In order to be held individually liable, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d

612, 651 (7th Cir. 2001)). Furthermore, an administrator cannot be held liable merely because of that supervisory position, because the doctrine of *respondeat superior* (supervisory liability) does not apply in § 1983 actions. *Id.* Glidden shall also be dismissed from the action without prejudice.

**Count 1** shall proceed only against Butts.

### Count 2 – Ingestion of Toxic Chemical

According to Plaintiff, Butts provided drain cleaner to another inmate in Plaintiff's cell, which was poured into Plaintiff's cup and then emptied into the drain. Glidden later informed Plaintiff (in response to his grievance) that Butts saw the chemicals go down the drain. (Doc. 1-1, p. 1). Butts then apparently allowed the cup, which still contained chemical residue, to remain in the cell. Plaintiff was absent from the cell while the drain cleaner was used, and later drank from his cup without any indication of the danger. The Complaint does not indicate that any other Defendant was present or took part in the events that resulted in Plaintiff's cup being contaminated with drain cleaner.

The risk of ingesting a toxic chemical that was left without warning in a drinking cup is an objectively serious one. The key question in this claim, however, is whether Butts possessed the requisite mental state to support a claim for unconstitutional deliberate indifference to a substantial risk of harm. Mere carelessness or negligence does not violate the Constitution. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); *see also Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Instead, to sustain a deliberate indifference claim, a plaintiff must show that the defendant had a "purposeful, a knowing, or possibly a reckless state of mind" regarding the risk posed by the defendant's action

9

or inaction. *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, __U.S.__, 135 S. Ct. 2466, 2472 (2015)).

At this stage, it is not possible to determine whether Butts' actions in dealing with the drain cleaner were merely negligent, or rose to the level of unconstitutional recklessness or knowing disregard of a risk. **Count 2** will therefore be allowed to proceed against Butts for further consideration.

## Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

On October 30, 2017, Plaintiff filed a "Motion to Support Evidence" (Doc. 10). The motion includes a 1-page letter from the Illinois Department of Corrections' Jail and Detention Standards Unit, noting that Plaintiff's complaint over the mishandling of the blood contamination is being addressed with staff at the Fayette County Jail. (Doc. 10, p. 2). This motion (Doc. 10) is **GRANTED** insofar as the letter shall be considered as an additional exhibit to the Complaint (Doc. 1).

## Disposition

Defendant **FAYETTE COUNTY JAIL** is **DISMISSED** from this action with prejudice. Defendants **TORBECK** and **GLIDDEN** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for **BUTTS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the

date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

As the return address on Plaintiff's most recent motion reflects that he was housed at Graham Correctional Center, the Clerk is **DIRECTED** to mail a copy of this order to Plaintiff at Graham Correctional Center, 12078 Illinois Route 185, Hillsboro, IL 62049, as well as to his address of record at the Fayette County Jail.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 21, 2017**

*s/J. Phil Gilbert*
United States District Judge
